

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| GOSS INTERNATIONAL AMERICAS, INC., § § | |
| Plaintiff, § § | |
| v. § | MISC. ACTION No: 7:05-117-HFF |
| § | |
| MAN ROLAND INC. and MAN ROLAND § | |
| DRUCKMASCHINEN AG, § | |
| Defendants. § | |

MEMORANDUM OPINION AND ORDER

**I.     INTRODUCTION**

This is an action to compel production of documents which are the subject of a subpoena issued by Plaintiff Goss International Americas, Inc. (Goss) to Reeves Brothers Inc. (Reeves), a non-party to a patent infringement case pending in the United States District Court for the District of New Hampshire. Reeves opposes the motion to compel and files a motion to quash the subpoena or, in the alternative, for a protective order. For the reasons stated below, the Court will grant the motion to compel and the motion for a protective order and deny the motion to quash.

**II.    DISCUSSION**

  *A. Motion to Compel/Motion to Quash*

    *1. Trade Secrets*

The major disagreement between Goss and Reeves centers around Reeves' contention that

1

the information which Goss seeks is a trade secret or is confidential and proprietary information. The applicable standard concerning the discovery of trade secrets is set forth in *Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca-Cola Co.,* 107 F.R.D. 288, 292 (D. Del. 1985). Under this standard, the party resisting the discovery must demonstrate to the Court that the information being sought is a trade secret and that its disclosure might be harmful. *Id.* Once shown, the burden shifts to the party that seeks the discovery to establish (1) the relevance of the trade secret to the lawsuit and (2) that the information sought is necessary to the action. *Id.* If relevance and necessity are established, then the Court "must balance the need for the information against the injury that would ensue if disclosure is ordered."[1] *Id.*

There is no absolute privilege protecting trade secrets from disclosure during the discovery process. *Duplan Corp. V. Deering Milliken, Inc.*, 397 F.Supp. 1146, 1185 (D.S.C. 1974). Rather, the Federal Rules of Civil Procedure specifically contemplate the disclosure of trade secrets during discovery. *E.g.*, Fed. R. Civ. P. 45(c)(3)(B). Indeed, "[D]iscovery [of confidential information] is virtually always ordered once the movant has established that the secret information is relevant and necessary." *Coca-Cola Bottling Co.*, 107 F.R.D. at 293.

For purposes of deciding these motions, the Court assumes that the information that Goss seeks contains trade secrets or confidential/proprietary information and that disclosure could be potentially harmful. Goss has demonstrated to the Court, however, the relevance and necessity of the information that it seeks. That is, the Court is of the opinion that Goss has established that the

---

[1] Courts are split as to whether discovery requests directed to non-parties are to be treated differently than discovery requests that are directed to actual parties in the litigation. *See, e.g., Castle v. Jallah*, 142 F.R.D. 618, 620 (E.D. Va. 1992); *Katz .v Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed.Cir. 1993). Even when the Court takes this factor into consideration, however, the Court's final determination is the same.

material that it seeks from Reeves is relevant to the subject matter of the underlying lawsuit and that the information is necessary for Goss to prepare for trial. Specifically, information regarding the development of products and techniques which are alleged to infringe on Goss' patents clearly relate to the central thrust of Goss' patent infringement suit. Further, Goss has presented uncontradicted evidence which indicates that the documents requested are not available from the only other party expected to have access to the documents, Defendants Man Roland Inc. and Man Roland Druckmaschinen AG. Thus, in balancing Goss' need for the subpoenaed documents against Reeves' need to protect its confidential information, the Court concludes that Goss' motion to compel must be granted.

*2.     Other Issues*

Reeves raises two other grounds in support of its motion to quash. First, Reeves asserts that the documents covered by the subpoena are not within its control and, second, Reeves maintains that the subpoena is unduly burdensome.

The Court finds that the documents subpoenaed by Goss are within the control of Reeves, in that they are in the custody of subsidiary of Reeves of which Reeves owns at least a majority share. This control satisfies the requirements of Fed. R. Civ. P. 45(a)(1)(C). The Court further finds that, because the documents are within Reeves' control, the subpoena need not be specifically directed to the attention of Reeves' subsidiary in order to be effective.

Finally, the Court rejects Reeves' argument that the subpoena is unduly burdensome. Although the subpoena will likely result in a burden on Reeves, this burden is outweighed by the importance of the documents to the underlying litigation and their unavailability from other sources. As noted above, the documents requested by Goss form a central part of its quest for evidence in its

patent infringement suit and are seemingly unavailable from other sources.

  *B.  Motion for Protective Order*

  The Court is not persuaded that the protective order currently in place in the underlying action is sufficient to protect the vital interest that Reeves has in securing its trade secrets.  Thus, the Court will require that the parties fashion a proposed consent protective order that appropriately protects the interests of Reeves.  The Court will enforce any protective order that it enters in this case to the fullest extent provided under the law.

### III. CONCLUSION

  Based on the foregoing, the Court **GRANTS** Goss' motion to compel production of documents covered by the subpoena, **DENIES** Reeves' motion to quash, and **GRANTS** Reeves' motion for a protective order.  Goss and Reeves are **ORDERED** to submit a proposed consent protective order within ten days from the filing of this Order.

  **IT IS SO ORDERED.**

  Signed this 21st day of November, 2005, in Spartanburg, South Carolina.

                  <u>s/ Henry F. Floyd.</u>
                  UNITED STATES DISTRICT JUDGE