IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
**SPARTANBURG** DIVISION

| | | |
|---|---|---|
| GOSS INTERNATIONAL AMERICAS, INC., | ) | **Action No.**: 7:05-MC-117-HFF |
| Plaintiff, | ) | |
| vs. | ) | **CONSENT PROTECTIVE ORDER** |
| MAN ROLAND INC., and, MAN ROLAND DRUCKMASCHINEN AG, | ) | |
| Defendants. | ) | |

Whereas, the parties to this Consent Protective Order ("parties") have stipulated that certain discovery material disclosed by Reeves Brothers, Inc. and Reeves SpA (collectively "Reeves") is and should be treated as protected, and have agreed to the terms of this Consent Protective Order; accordingly, it is **ORDERED**:

1. All documents and tangible things produced by Reeves pursuant to Goss International Americas, Inc.'s ("Goss International") November 10, 2004 subpoena ("Subpoena") served in this action and this Court's November 21, 2005 Order, or produced by Reeves pursuant to any other discovery request or order, and all deposition testimony and information provided by Reeves in this action and related exhibits (hereinafter referred to collectively as "discovery materials"), shall be subject to this Consent Protective Order concerning protected information as set forth below.

2. This Consent Protective Order, which is being entered pursuant to the Court's November 21, 2005 Order, supplements the Stipulated Protective Order and Stipulated Amendment to Protective Order approved by the United States District Court for the District of New Hampshire in the case captioned *Heidelberg Web Systems, Inc. (now Goss International Americas, Inc.) v. MAN*

*Roland, Inc. et al.*, CA No. C-03-513-MS, attached hereto as exhibit A (collectively "Stipulated Order"). All discovery materials produced by Reeves are subject both to this Consent Protective Order and to the Stipulated Order. This Consent Protective Order and the Stipulated Order are referred to collectively as the "Protective Order."

3. Reeves may have in its possession, custody or control documents previously provided to it by Heidelberg Web Systems, Inc. (now Goss International), or any entity related thereto (collectively "Goss") which bear Heidelberg non-disclosure legends and/or which contain confidential or highly confidential information as defined by the Stipulated Order. Therefore, Reeves shall produce its documents responsive to the Subpoena that are not otherwise privileged or protected from production to Goss to allow Goss to mark properly any Goss documents as "Confidential" or "Highly Confidential" in accordance with the terms of the Stipulated Order. Goss agrees that it will not produce any Reeves discovery materials to any other party in the underlying patent infringement action unless such party agrees to be bound by the terms of this Protective Order by executing a copy of the Protective Order.

4. None of the discovery materials produced by Reeves shall be provided to any manufacturer or supplier of press blankets for any purpose. Furthermore, the information contained in the discovery materials produced by Reeves shall not be provided to any manufacturer or supplier of press blankets in any form, including without limitation oral communication, for any purpose unless such information was obtained from a source other than Reeves. Prior to the disclosure of any discovery materials produced by Reeves to any third party, the party seeking to disclose such discovery materials shall give undersigned counsel sufficient written notice and a reasonable opportunity to challenge the proposed disclosure.

5. In the event a party seeks to file any discovery materials subject to protection under this Protective Order with the Court or seeks to use any discovery materials subject to protection under the Protective Order at a trial or other proceeding of this matter, that party shall take appropriate action to ensure that the discovery materials receive proper protection from public disclosure by: (1) using or filing redacted discovery materials with the consent of Reeves; (2) where appropriate (e.g. in relation to discovery and evidentiary motions), submitting the discovery materials solely for in camera review; or (3) where the preceding measures are not adequate, filing the discovery materials under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or such other rule or procedure as may apply in the relevant jurisdiction.

6. Any designation of protection is subject to challenge as set forth in the Stipulated Order. Discovery materials produced by Reeves that are challenged must be challenged in the United States District Court for the District of South Carolina, Spartanburg Division. The Parties consent to jurisdiction of this Court to resolve such challenges. The Court notes that Paragraph 11 of the Stipulated Protective Order does not apply to Reeves. The Court also notes that the second sentence of Exhibit A to the Stipulated Protective Order does not apply to Reeves or any individual or entity who performs services for Reeves or wishes to establish a business relationship with Reeves. Challenges to the protected status of discovery materials may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

7. This Protective Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Protective Order. The Protective Order shall not, however, be modified until the parties shall have been given notice and an opportunity to respond to the proposed

modification.

8.     This Protective Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any specific discovery materials designated as protected by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

9.     This Protective Order shall take effect when entered and shall be binding upon the parties executing this Protective Order, their predecessors, and their respective counsel and law firms.

**IT IS SO ORDERED**.

Signed this 1st day of December, 2005, in Spartanburg, South Carolina.


                                        s/ Henry F. Floyd
                                        UNITED STATES DISTRICT JUDGE

**WE SO MOVE**
**and agree to abide by the terms of this Order:**

| | |
|---|---|
| s/Kevin A. Dunlap | s/Frank H. Gibbes, III |
| Signature | Signature |
| | |
| Kevin A. Dunlap | Frank H. Gibbes, III |
| Printed Name | Printed Name |
| Counsel for Reeves Brothers, Inc. and Reeves SpA | Counsel for Goss International Americas, Inc. |
| | |
| s/Michael J. Songer | s/Tony V. Pezzano |
| By express permission | By express permission |
| Signature | Signature |
| | |
| Michael J. Songer | Tony V. Pezzano |
| Printed Name | Printed Name |
| Counsel for MAN Roland, Inc. and MAN Roland Druckmaschinen AG | Counsel for Heidelberger Druckmaschinen AG |

December 1, 2005